## STANLEY'S INCORPORATED STORE NO. 3 v. EARL.*

### SAME v. NEIDERHEISER.

Circuit Court of Appeals, Eighth Circuit. October 11, 1928.

Nos. 8147, 8148.

See, also, 25 F.(2d) 458.

M. E. Culhane, of Minneapolis, Minn., for appellants.

*Rehearing denied December 14, 1928.

Emanuel Sgutt, of Fargo, N. D., for appellees.

Before STONE and LEWIS, Circuit Judges, and MARTINEAU, District Judge.

MARTINEAU, District Judge. The appellees were duly adjudicated bankrupts in the District Court of the United States for the District of North Dakota, and afterwards filed petitions for discharge. The hearings on these applications were set for September 7, 1927. September 6, 1927, appellant entered its appearance, and within 10 days filed its specifications of objections to the discharge of the bankrupts. Later, October 25, 1927, after the expiration of the 10 days allowed by General Order in Bankruptcy 32 (set out under 11 USCA § 53) for filing said specifications, appellant asked for an order enlarging the time within which it might amend its original specifications by adding entirely new grounds and raising new and different issues.

The new specifications alleged that the bankrupts had made material false statements for the purpose of obtaining money or property and did obtain money or property thereon. The false statements complained of were alleged to have been made in 1923 to a bank which had since failed. The affidavits attached to the appellant's petition for permission to file this new specification show that it had knowledge of such false statements, but for various reasons it had failed and neglected to inform itself of the facts surrounding their making, and therefore did not mention them in its first specifications.

By the exercise of proper diligence the facts in connection with the making of the false statements could have been known to appellant before the end of the 10 days allowed by General Order in Bankruptcy 32 for filing specifications.

The application to amend the specifications was denied by the District Court, and an appeal to reverse that order has been taken to this court.

Conceding that the District Court under General Order in Bankruptcy 32 has the power to enlarge beyond 10 days the time for filing new and amended specifications, it is a discretionary power which should be exercised cautiously. In re Brecher (C. C. A.) 4 F.(2d) 1001. The facts as revealed by this record show no good cause for the enlargement of the time for filing the specifications.

The order is therefore affirmed.