Matter of W. Taylor FITHIAN, Bankrupt.

No. 10705.

United States District Court
D. Maryland.

Dec. 6, 1957.

Harrison M. Robertson, Jr., and Cable & McDaniel, Baltimore, Md., for bankrupt.

J. Thomas Clark, Centreville, Md., for trustee.

THOMSEN, Chief Judge.

Bankrupt's petition for review of an order of the referee raises two questions: whether, one day after the expiration of the time for filing objections to the discharge of the bankrupt, the court had jurisdiction to extend the time for filing such objections; and whether good cause for granting such extension was shown.

On January 8, 1957, William Taylor Fithian filed his voluntary petition in bankruptcy and was adjudicated a bankrupt. He was then residing in Baltimore City, employed as a salesman for a Texas company, but the poultry farm business which caused his economic downfall had been conducted in Queen Anne's County, on the Eastern Shore of Maryland. His schedules as originally filed showed assets valued at $585, of which he claimed items valued at $500 to be exempt. An amended schedule added salary due of $213.45.

At the first meeting of creditors, held on February 6, 1957, James E. Thompson, Jr., of Centreville, Queen Anne's County, was appointed trustee. On March 27 the referee passed an order fixing May 1 as the last day for filing objections to the discharge of the bankrupt; notice of that order was duly given to the trustee and to the creditors.

After his appointment on February 6 the trustee communicated with various persons, corporations and governmental agencies in an effort to locate and trace an airplane and other assets or former assets of the bankrupt and to determine whether any voidable preferences had been made. It was difficult to obtain information from the bankrupt because his employment as a salesman kept him out of the state much of the time. On April 29 or 30 the trustee telephoned the referee and requested an extension of time for filing objections to the discharge. The referee advised him to file a written petition and authorized him to employ counsel.

The trustee and his counsel thereupon prepared a petition, alleging that the trustee had discovered certain matters and dealings upon which he desired to examine the bankrupt and others under sec. 21, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a, in order to arrive at a just determination whether or not he should file objections to the discharge, and praying that the time for filing objections be extended for a period of at least 60 days. The petition was sworn to on April 30 and deposited in the post office at Centreville between 5:00 and 6:00 P. M. on April 30. A mail truck from the lower Eastern Shore usually passes through Centreville about 9:00 P. M. to pick up mail for Baltimore, and such mail is delivered at the office of the referee in Baltimore the next day. However, for some unexplained reason, the envelope was postmarked May 1 and delivered to the referee on May 2. At the same time the trustee filed with the referee a petition for a hearing under sec. 21, sub. a, designating the persons he desired to examine and praying that summonses and subpoenaes duces tecum be issued. Also on May 2 the referee ordered the bankrupt to show cause why an extension of 60 days should not be granted.

The bankrupt answered the show cause order, one day after the time had expired, contending that the court was without jurisdiction to grant the extension. Following a hearing on May 27 the referee passed an order on May 29, in which he found most of the facts set out above, concluded that "under the circumstances of this case the court has discretionary power to extend the time for filing objections to the discharge of the bankrupt by James E. Thompson, Jr., Trustee", and ordered

that the time for filing such objections be extended to July 1, 1957.

On June 26, 1957, the trustee and his counsel filed specifications in opposition to the discharge of the bankrupt, listing five separate grounds.

For reasons which are fully stated in the opinion in Re Meckler, D.C.D.Md., 156 F.Supp. 20, the referee had jurisdiction to extend the time for filing objections. In that opinion I said that the referee should extend the period in cases where discovery of possible grounds for objections to the discharge has been prevented by acts or omissions of the bankrupt, but he should not extend the period when the trustee is chargeable with unreasonable delay in obtaining the facts, without fault on the part of the bankrupt.

The instant case falls between the two examples. Discovery of possible grounds for objections was not prevented by any culpable acts or omissions of the bankrupt; nor was the trustee guilty of any unreasonable delay in obtaining the facts. The trustee was delayed in obtaining information because he resides and practices law in Centreville, where the bankrupt had conducted his poultry farm business, whereas in the spring of 1957 the bankrupt lived in Baltimore and spent much of his time out of the state. The trustee was also handicapped by lack of funds to employ investigators. Nevertheless, during the interval between his appointment on February 6 and the end of April, the trustee uncovered facts which justified him in seeking an examination under sec. 21, sub. a. I cannot say that he was guilty of unreasonable delay.

A primary purpose of the Bankruptcy Act is to enable a bankrupt who is entitled to a discharge to obtain such discharge promptly and to reestablish himself in business. Trustees must be diligent in pursuing their investigations and conducting the necessary examinations. An extension of time for filing specifications in opposition to discharge should not ordinarily be required.

In the instant case, however, there were special circumstances which contributed to the delay, and afforded good cause for the extension. The decision of the referee was justified by the evidence before him when he made his ruling and is supported by the additional testimony which I heard on appeal. Certainly it cannot be said that the referee was clearly wrong or that he abused his discretion.

The order of May 29, 1957, is hereby confirmed.