**In re JORDANO ELECTRIC CO. OF OHIO, INC., Debtor.**

**Bankruptcy No. 2-87-00220.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Nov. 24, 1987.

Eliott R. Good, Carla I. Struble, Chorpenning, Good & Mancuso Co., LPA, Columbus, Ohio, for FSG.

Louis W. Cennamo, Columbus, Ohio, for Jordano.

Thomas C. Scott, Columbus, Ohio, trustee.

## ORDER DENYING MOTION FOR RULE 2004 EXAMINATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a motion filed by Financial Services Group ("FSG"), a creditor in this Chapter 7 bankruptcy case. FSG seeks an order from this Court requiring Jordano Electric Co. of Ohio, Inc. ("Jordano") to appear for examination by FSG and produce certain documents.

FSG states that its purpose for seeking an examination of Jordano is to aid its prosecution of a dischargeability action in the Chapter 7 bankruptcy case of Jordano's former president, Bruce Rice. FSG alleges that Rice has failed to respond to discovery requests in that adversary action and that the Rule 2004 examination is, therefore, appropriate.

A request for examination under the provisions of Bankruptcy Rule 2004 is subject to the discretion of the Court. Such examinations are wide in scope and provide fewer safeguards for the party being examined than the normal civil rules governing discovery. This Court routinely grants such requests to examine a debtor where the purpose of the examination is to aid in the administration of the estate or to enable a party in interest to delve into matters not appropriate for such extended inquiry at a meeting of creditors held pursuant to 11 U.S.C. §§ 341 and 343. FSG's motion, however, does not set forth any reason for seeking the examination which is related to the furtherance of this case. Indeed, it could be argued that the motion should have been directed to the Trustee as the party presumably in possession of the corporate documents FSG seeks to have the debtor produce. However, Thomas C. Scott, the Trustee of the Jordano estate, apparently was not served with FSG's request.

The Court finds that the purpose for FSG's request is not within the range of relevance to a bankruptcy case or estate which this Court finds is an essential prerequisite to the exercise of its discretion to order the appearance and submission to examination of a debtor or its representative. The discovery rules of the Federal Rules of Civil Procedure, with their additional safeguards, are more appropriately used for this purpose.

Based on the foregoing, the motion of Financial Services Group for a Rule 2004 examination of Jordano is DENIED.

IT IS SO ORDERED.