**In re Louis M. SCHULTZ, Debtor.**

**Bankruptcy No. 90–20650–R.**

United States Bankruptcy Court,
E.D. Michigan, S.D.

Sept. 30, 1991.

John Kraus, Jr., Mt. Clemens, Mich., for debtor.

James Thomas, Rochester Hills, Mich., for creditor.

## SUPPLEMENTAL MEMORANDUM OPINION

STEVEN W. RHODES, Bankruptcy Judge.

An attorney representing three creditors, First of America Bank, Citibank, and J.C. Penney, has filed a motion for an order compelling the debtor to appear for examination pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure. These creditors contend that a further examination of the debtor is necessary to determine whether there are grounds to pursue claims of non-dischargeability under 11 U.S.C. § 523(a)(2). The creditors also request an extension of time to file their dischargeability complaints, pursuant to Rule 4007(c).

The debtor opposes the motion, contending that these creditors had an opportunity to examine him at the meeting of creditors, and have not diligently pursued their claims.

At a hearing held on May 2, 1991, the Court granted the creditors' motion. This memorandum opinion supplements the decision given at that time.

Rule 2004(a), Federal Rules of Bankruptcy Procedure, provides, "On motion of any party in interest, the court may order the examination of any entity." This language suggests that the Court should exercise its discretion in determining whether to grant

the motion. *McLaughlin v. McPhail*, 707 F.2d 800, 804 (4th Cir.1983); *Matter of Rassi*, 701 F.2d 627, 631 (7th Cir.1983); *In re Jordano Elec. Co. of Ohio, Inc.*, 83 B.R. 1 (Bankr.S.D.Ohio 1987).

In exercising its discretion, the Court concludes that it should balance the legitimate interests of all concerned. *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr.S.D.N.Y.1991); *In re Public Serv. Co. of New Hampshire*, 91 B.R. 198, 199 (Bankr.D.N.H.1988); *Matter of Wilcher*, 56 B.R. 428, 434 (Bankr.N.D.Ill. 1985); *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr.E.D.N.Y.1983).

The debtor has an interest in the prompt resolution of all discharge issues. This interest is evidenced by Rules 4004(a) and 4007(c), which provide for a 60 day time limit for creditors to file objections to discharge under 11 U.S.C. § 727(a) and dischargeability complaints under 11 U.S.C. § 523(a)(2), (4) and (6).

The creditors also have an interest in having a full opportunity to examine the debtor before deciding whether to pursue claims of non-dischargeability. This interest is evidenced in Rule 9011(a), Federal Rules of Bankruptcy Procedure, which provides that the signature of the creditor's attorney on a non-dischargeability complaint constitutes a certificate "that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact...."

All parties have an interest in an efficient system of convening meetings of creditors. The U.S. Trustee schedules ten meetings of creditors per hour in Chapter 7 cases. This allows an average of six minutes per meeting.

Clearly, a full examination into potential fraud issues, such as is proposed by these movants, will take substantially more than

six minutes. Therefore, if creditors were restricted to examining the debtor only at the first meeting, those meetings could not be concluded at the rate of 10 per hour. Indeed it is likely that one purpose of Rule 2004 is promote the efficiency of first meetings.

In this case, the meeting of creditors was scheduled for January 10, 1991. Thus, the deadline for filing nondischargeability complaints was March 11, 1991.

Although the Court was not presented with a transcript of the meeting, the oral argument of counsel indicates that the creditors' attorney questioned the debtor at some length regarding possible fraud claims. Nevertheless, the creditors argue that a further opportunity is needed to discover more specific facts concerning the debtor's usage of his credit and his insolvency just before filing bankruptcy.

Creditors' counsel states that his office first contacted debtor's counsel on February 20, 1991 regarding a Rule 2004 examination.[1] This was 41 days after the first meeting, and 19 days before the deadline to file a complaint. Debtor's counsel responded that he wanted time to determine what position to take on the request. Creditors' counsel called again on March 4, 1991, and left a message. Debtor's counsel returned the call, and stated that he would not agree to any further examination. Creditors' counsel filed this motion on March 6, 1991.

After balancing the interests of these parties, the Court concludes that it is appropriate to order the debtor to appear for further examination. It is unfortunate that the creditors' attorney waited so long to pursue a Rule 2004 examination of the debtor. In light of debtor's interest in the prompt resolution of dischargeability claims, the Court cannot condone that lack

---

1. This contact was made pursuant to Local Bankruptcy Rule 2.13, which provides:

   Any person who seeks to examine a debtor pursuant to Bankruptcy Rule 2004 shall contact the debtor's attorney for the purpose of arranging a mutually convenient date, time and place before filing an application pursuant to that rule. The application shall affirmatively indicate that the proposed date, time and place for the examination have been agreed upon by all concerned. If the applicant is unable to confirm these matters with the debtor's attorney after making all reasonable efforts, an application for examination of the debtor may be filed, indicating specifically the efforts that were made, as well as the proposed date, time and place of the examination.

of diligence. Nevertheless, it appears likely that there was enough time between February 20, when the request for the examination was first made, and March 11, when the time to file a complaint would expire, to pursue an examination and decide whether to file a complaint.

The creditors' inability to examine the debtor and file a complaint by March 11 was due, in part, to the failure of the debtor's attorney to respond to the request before March 4. In the circumstances, the Court concludes that the creditors showed some minimal degree of diligence in attempting to investigate and file before the deadline, and that therefore on balance the motion for examination under Rule 2004 should be granted.

For the same reasons, the Court also concludes that the creditors have, albeit marginally, established "cause" to extend the deadline to file a discharge complaint pursuant to Rule 4007(c). The deadline is extended to seven days after the conclusion of the examination.