### In re Samuel DEKELATA and Debra Dekelata, Debtors.

**Bankruptcy No. 92–21248.**

United States Bankruptcy Court, E.D. Michigan.

Jan. 7, 1993.

---

James L. Rowe, Flint, MI, for debtors.

---

Darryl J. Chimko, Rochester, MI, for creditors.

Michael A. Mason, Chapter 7 Trustee.

## MEMORANDUM OPINION ON CREDITORS' MOTIONS FOR: (1) EXTENSION OF THE RULE 4007(c) DEADLINE AND (2) A RULE 2004 EXAMINATION OF THE DEBTORS

ARTHUR J. SPECTOR, Bankruptcy Judge.

On November 30, 1992, creditors Colonial National Bank, First Card Chicago National Bank, Citibank Maryland Choice N.A., Citibank South Dakota N.A., First of America S.E. N.A. and Signet Bank, through their attorneys, Shermeta, Chimko & Kilpatrick, P.C., filed a timely motion seeking an extension of the Rule 4007(c), F.R.Bankr.P. deadline for filing a § 523(c) complaint against the Debtors, and a Rule 2004 examination of the Debtors. The Debtors responded, denying that the creditors had cause for an extension or that a reason existed to hold a Rule 2004 examination.

At the hearing of these motions, the parties stipulated to these essential facts. None of these creditors appeared or were represented at the § 341(a) meeting of creditors. On November 19, 1992, counsel for the creditors called counsel for the Debtors, requesting that the Debtors voluntarily submit to a Rule 2004 examination before November 30, when the Rule 4007(c) deadline was due to expire. Counsel for the Debtors is a sole practitioner, and between the press of other business and the Thanksgiving holiday, was entirely booked for all times other than the following date. It so happened that the Debtors were already scheduled to give a 2004 examination to another creditor on November 20, 1992 at 4:00 p.m. at the office of the Debtors' counsel, and Debtors' counsel invited these creditors' counsel to attend and examine. Creditors' counsel rejected that invitation and the parties were unable to agree on another date prior to the deadline.

The creditors rely upon *In re Kellogg*, 41 B.R. 836, 838 (Bankr.W.D.Okla.1984) for the proposition that an "extension should be granted liberally absent a clear showing of bad faith," and *In re Schultz*, 134 B.R. 604 (Bankr.E.D.Mich.1991). Although I concur with the thought that requests for extension should generally be granted, one cannot overlook that Rule 4007(c) does require the applicant to show "cause" to get an extension. Although the standard for establishing cause might be liberal, it must be some standard else the rule would not have required it. *Kellogg* is distinguishable in that the court there found "that there are complexities and that many parties and issues are affected." 41 B.R. at 838. Here, however, this does not seem to be the case.

*Schultz* is a closer case. The same firm which represents the creditors here also represented the creditors in *Schultz*. Judge Rhodes balanced the interests of the parties and the system itself, and determined that on the facts of the case, an extension was warranted.

The facts in *Schultz* were very similar to those here. On February 20, 1991, some 19 days before the Rule 4007(b) deadline, creditors' counsel requested the debtors' counsel for a 2004 examination of his clients. The debtors' counsel deferred a decision and so the creditors' counsel called back on March 4. Finally, the debtors' counsel indicated that he would not agree to a Rule 2004 examination. The creditors then timely filed the motion for an extension. The court granted the extension and ordered the debtors to attend a Rule 2004 examination.

Although the creditors ultimately prevailed, the court was clearly troubled by the creditors' delay in pursuing the Rule 2004 examination in the first place. The § 341 meeting in that case had been conducted on January 10, 1991 and the creditors' counsel waited 41 days later to instigate discussions regarding a Rule 2004 examination. The court got past this troubling delay only because "it appears ... that there was enough time between February 20, when the request for the examination was first made, and March 11, when the time to file a complaint would expire, to

pursue an examination and decide whether to file a complaint." 134 B.R. at 606.

Here, on the other hand, the creditors' request for a Rule 2004 examination was made for the very first time only 11 days before the expiration of the Rule 4007(c) deadline. On the facts here, that was too close to the deadline. Creditors' counsel knew that Debtors' counsel is a sole practitioner who has a busy and geographically extensive bankruptcy practice, and of the imminent disruption of the Thanksgiving holiday. It should have been apparent to creditors' counsel that there would simply be insufficient time to accommodate a Rule 2004 examination on its schedule. The creditors had months before November 19, 1992 to request such an examination and sat on their rights. I conclude that the creditors have not established "cause" for purposes of Rule 4007(c).[1]

---

**1.** In *Schultz,* Judge Rhodes also placed blame on the debtors' counsel for his delay in responding to the creditors' initial request. No such delay exists in this case. In fact, Debtors' counsel attempted to expedite the matter by offering to hold the examination the very next day. This would have provided counsel for the creditors additional time to evaluate the answers they might have obtained at the examination, consult with their various clients, and determine in a less hurried manner whether to institute litigation. Such accommodation by Debtors' counsel is a fact which should be praised and not, as creditors' counsel argued, chastised as "an ultimatum."

Counsel for these creditors is a firm made up of 18 attorneys who could not, on behalf of their six different creditors, find the time or make the effort to have one of its associates attend an examination that the firm itself requested only 11 days before the deadline. It is hypocritical for creditors' counsel to complain that Debtors' counsel did not accommodate their schedule.