**In re Seyed FARHID, Debtor.**

No. C–94–1370–DLJ.

United States District Court,
N.D. California.

Aug. 2, 1994.

Arlo Hale Smith, San Francisco, CA, for appellant.

John G. Warner, Corte Madera, CA, for Mr. Farhid.

## ORDER

JENSEN, District Judge.

Nasrin Farhid appeals the decision of Judge Jaroslovsky in the Santa Rosa Divi-

sion of the Northern District of California of the United States Bankruptcy Court. The appeal, challenging the discretion of the bankruptcy court in denying her request for an extension of time in which to file an objection to discharge or a nondischargeability complaint, was heard before the Court on July 27, 1994. Arlo Hale Smith appeared for the appellant. Mr. Farhid was represented by John G. Warner.

## BACKGROUND

*Factual Background*

The moving party Nasrin Farhid (hereinafter "Nasrin") is the former spouse of debtor Seyed Farhid (hereinafter "Seyed"). The parties were married in Iran on July 21, 1970. After moving to California twenty years later, they separated on September 12, 1990 and subsequently entered into a marital settlement agreement dated October 4, 1990. Seyed received most of the community property of the parties under their marital settlement agreement.

The marriage was dissolved on December 13, 1990, and shortly thereafter Nasrin returned to Iran where she lived for approximately six months. After Nasrin returned to the United States in March, 1991, she reconciled with Seyed, and the parties remarried six months later on November 3, 1991. The second marriage was also unsuccessful and on September 9, 1992, Nasrin filed a petition to have her second marriage to Seyed dissolved. That petition is still pending before the Marin County family law court.

In the second dissolution proceeding, the parties litigated the validity of the property division that was stated in their 1990 marital settlement agreement, and they also litigated the issues of child support and spousal support and related matters. In a memorandum decision dated December 23, 1992, the Marin County family law court decided most of the property issues in favor of Seyed, but awarded Nasrin family support payable by Seyed in the sum of $3,000 per month commencing October 20, 1992. The family law court left undecided Nasrin's claim of separate personal property.

When Seyed failed to pay Nasrin family support ordered by the family law court, the family law court found Seyed in contempt and ordered him to either pay forthwith the amount of support then due or to surrender himself to the Marin County Sheriff to serve fifteen (15) days in jail.

Seyed filed this Chapter 7 bankruptcy petition eight days later, and avoided paying family support as ordered by the court, and also avoided having to surrender himself to the Marin County Sheriff.

*Procedural Background*

On July 28, 1993, respondent filed a Chapter 7 bankruptcy petition. In said petition, he listed appellant as a creditor. Appellant was therefore notified of the creditor's conference (341) hearing in this case. Despite such notice from the court, Nasrin failed to appear at the creditor's conference. Moreover, she made no contact with the U.S. Trustee or case trustee concerning her allegations of concealed assets. Nor did she make any effort to schedule a 2004 examination of the debtor.

Pursuant to Bankruptcy Rule 4007(c) and Bankruptcy Rule 4004(b), the deadline to file an objection to discharge or a nondischargeability complaint in this case was November 22, 1993. On that date, the appellant requested the court to extend the time in which to file her objection to discharge or nondischargeability complaint by way of an Ex parte submission to the court. The respondent claimed that the request was not a proper motion filed on time and therefore appellant should be barred from objecting to the discharge. Judge Jaroslovsky determined that there was a timely motion and therefore appellant would not be procedurally barred from bringing her request.

On January 7, 1994, appellant's motion was heard before Judge Jaroslovsky. At the conclusion of the hearing, Judge Jaroslovsky denied the motion without further review.

## STANDARD OF REVIEW

A. *Appellate Review*

The applicable standard of appellate review is that the bankruptcy court's findings

of fact can be set aside by the district court if clearly erroneous, and legal conclusions of the bankruptcy court are reviewed under the *de novo* standard. Fed.R.Bankr. 8013.

### B. *Sanctions*

 Rule 11 permits sanctions of any person who signs an improper pleading submitted to the Court. The rule states that

Every pleading, motion, and other paper of a party represented by an attorney shall be signed ... by an attorney.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose ... an appropriate sanction....

Fed.R.Civ.P. 11. Three kinds of submissions are sanctionable under Rule 11: papers that are factually frivolous; papers that are legally frivolous; and papers that have been filed for an "improper purpose." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 892 F.2d 802, 808 (9th Cir. 1989), *affirmed,* 498 U.S. 533, 111 S.Ct. 922, 112 L.Ed.2d 1140 (1991). A paper is frivolous if it is "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1362 (9th Cir.1990) (*en banc*). This is an objective standard which requires no bad faith or otherwise culpable state of mind. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46–48, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991); *Townsend,* 929 F.2d at 1362. Any application of Rule 11 must be made to further the rule's central purpose, which is "to deter baseless filings in the District Courts and thus ... streamline the administration and procedures of the federal courts." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990) (citing Advisory Comm. Note on Rule 11, 28 U.S.C.App., p. 536).

### DISCUSSION

### A. *The Appeal*

The primary reason for this appeal is because appellant contends that the debtor (respondent herein) received a $250,000 insurance settlement after a fire occurred in his home in Novato, September 1991 and that a portion of those fire insurance proceeds were held in trust for appellant because some of the personal property items destroyed in the fire were owned by the appellant, not the debtor.

The debtor does not dispute this contention. Instead, the debtor attempts to explain away his use of appellant's share of these insurance proceeds by stating that "a dishonest contractor took money and failed to pay subcontractors and suppliers, causing debtor to have to directly pay many of them a 'second' time."

Another reason for this appeal, according to appellant, the debtor intentionally used the appellant's credit cards for the debtor's own personal use without appellant's consent. These allegations by appellant, if proven, would entitle her to a determination that these two obligations of the debtor are nondischargeable. *See* 11 U.S. Code § 523(a)(2)(A) (actual fraud); and 11 U.S.Code § 523(a)(4) (defalcation and embezzlement).

### B. *Petitioner Did Not Show Diligence in Preparing Her Objection*

 The power to extend deadlines for objecting to discharge or nondischargeability complaints rests entirely within the discretion of the bankruptcy judge and should not be granted without a showing of good cause, and without proof that the creditor acted diligently to obtain facts within the bar date to file a timely complaint, but was unable to do so. *In re Young* (D.Pa.1908) 162 F. 912. Appellant argues that motions of this nature should be granted as a matter of course in the absence of any extraordinary circumstances. No precedent is provided which

supports the concept that the sound discretion of the court is limited in this type of motion. The power is to be exercised cautiously and not where lack of diligence by the creditor appears. *Stanley's Incorporated v. Earl* (8th Cir.1928) 28 F.2d 611; *In re Fithian* (D.Md.1957) 156 F.Supp. 877.

■ Where creditor fails to show diligence in gathering facts to support an objection to discharge or nondischargeability complaint prior to the bar date, the bankruptcy court acts within its discretion in denying a motion for extension of time. *In re Littell* (S.D.Tex. 1986) 58 B.R. 937 (where creditor failed to request documents and information necessary to determine whether to file objections to dischargeability at first creditor's meeting, no abuse in discretion for court to deny application to extend bar date); *In re Dekelata* (E.D.Mich.1993) 149 B.R. 115 (where creditor did not attempt to request examination of debtor's financial conditions until eleven days before expiration date, no abuse of discretion in denying application for extension of time).

■ Here, appellant showed far less diligence than the creditors denied extensions of time in *Littell* and *Dekelata*. Though listed as a creditor and fully aware of the proceedings from the beginning, she failed to attend the creditor's conference or make any requests to debtor for data needed to determine if cause existed to file a complaint objecting to discharge or nondischargeability.

Judge Jaroslovsky denied appellant's motion, stating on record:

> It appears to me that there's been no diligence on behalf of the moving party to get the matter resolved without needing an extension. The request for an extension was made ex parte which is patently improper on the last day, and all I'm hearing now is vague innuendos and allegations with no facts to back them up, and there has been ample time to determine those facts.
>
> In addition, if there is something running around there where assets are being hidden or anything else, the trustee still has full power to go after those assets and I am also concerned that if the moving party

were acting in good faith, the first thing the moving party should have done is contact the trustee and lay all this out for the trustee. But, since the moving party did not contact the trustee and get the trustee going and investigating anything, waited till the last possible moment, and has not diligently pursued the matter, I did not find good cause for extending the deadline.

This Court is not to substitute its judgment for that of Judge Jaroslovsky. On this record, the Court is satisfied that the factual decision by Judge Jaroslovsky is not clearly erroneous.

### C. *Respondent's Motion for Sanctions*

■ In the last sentence of respondent's opposition brief, respondent requests sanctions be imposed on appellant and her counsel for pursuing an appeal utterly without merit. Without more to substantiate this claim, respondent has not met the applicable standard for sanctions to be imposed.

### CONCLUSION

Appellant's motion for an order extending the time in which to file a complaint objecting to discharge or nondischargeability was denied by Judge Jaroslovsky for the reasons stated above. Nasrin now appeals to the District Court with substantially the same arguments presented to the bankruptcy court. Appellant has made no showing that the bankruptcy court abused its discretion in denying her motion. Accordingly, the Court ORDERS that the appeal be DENIED. Additionally, respondent's request for sanctions is also DENIED.

IT IS SO ORDERED.