**In re Dana Sue DAVIS, Debtor.**

**Bankruptcy No. 96–40022.**

United States Bankruptcy Court,
W.D. Missouri.

May 3, 1996.

Todd W. Griffee, St. Joseph, MO, for Debtor.

Pamela L. Cone, St. Joseph, MO, for Creditor.

### ORDER

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Debtor filed a Chapter 7 bankruptcy petition on January 4, 1996. The section 341 Meeting of Creditors was held on February 2, 1996. The Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates stated that the deadline for filing a complaint to determine the dischargeability of certain types of debts and to object to debtor's discharge was April 2, 1996. On April 1, 1996, creditor Eckard's Home Improvement ("Eckard's") filed a motion for an extension of the deadline to file a complaint to determine the dischargeability of its debt or to object to debtor's discharge. Doc. # 6. Eckard's also filed at that time a motion to conduct a Rule 2004 examination of debtor. Debtor objected to an extension of the deadline. A telephone hearing was conducted on May 2, 1996, on Eckard's motion for an extension of the deadline and debtor's objection thereto. This Court denied Eckard's motion for the following reasons:

1. According to debtor's bankruptcy schedules, Eckard's obtained a judgment against debtor on September 16, 1993, in the approximate amount of $13,000.00. Prior to the filing of debtor's bankruptcy petition, in order to collect said outstanding judgment, Eckard's filed a lawsuit in the Circuit Court of Buchanan County, Missouri styled *Eckard's Home Improvement v. Dana C. Davis and Lance B. Davis,* Case No. CV394–1357CC, alleging a fraudulent conveyance.

2. Eckard's counsel was advised of the bankruptcy filing by her client "around the middle" of January, 1996.

3. Eckard's did not attend the section 341 meeting of creditors on February 2, 1996.

4. On February 20, 1996, Eckard's counsel spoke with debtor's counsel regarding the filing of a claim. Eckard's counsel requested copies of the schedules and debtor's counsel promptly responded.

5. On March 6, 1996, Eckard's filed a proof of claim and Eckard's counsel entered an appearance in the case.

6. Eckard's counsel recalls a "couple" of informal discussions with debtor's counsel regarding the case, but no other action was taken prior to April 1, 1996.

7. Eckard's did not move this Court for permission to conduct a Rule 2004 examination until April 1, 1996, one day before the announced deadline for filing dischargeability complaints.

Rule 4007(c) of the Federal Rules of Bankruptcy Procedure provides that "the court may for cause extend the time fixed under this subdivision." Fed.R.Bankr.P. 4007(c). A determination of cause is, therefore, within the discretion of this Court. *In*

*re James,* 187 B.R. 395, 396 (Bankr.N.D.Ga. 1995); *In re Farhid,* 171 B.R. 94, 96 (N.D.Ca.1994). While courts tend to liberally construe what constitutes cause in a motion for an extension of time, the "creditor must exhibit some minimum degree of due diligence prior to seeking such an extension." *Id.* at 397. *See also In re Leary,* 185 B.R. 405, 406 (Bankr.D.Mass.1995). A Chapter 7 bankruptcy discharge entitles a debtor to a "fresh start," therefore, the debtor has an interest in the prompt resolution of all discharge issues. *In re Schultz,* 134 B.R. 604, 605 (Bankr.E.D.Mich.1991). For this reason the Federal Rules of Bankruptcy Procedure provide a very limited time for creditors to object to debtor's discharge or to the dischargeability of certain debts. *Id.;* 11 U.S.C. §§ 727(a) and 523(a)(2), (4), and (6); Fed.R.Bankr.P. 4004(a) and 4007(c). Eckard's does not contend that it was unable to make a determination of nondischargeability because debtor failed to cooperate. *See Schultz,* 134 B.R. at 606. Nor does Eckard's deny that it failed to attend the section 341 meeting of creditors where it could have questioned debtor and obtained information needed to determine whether to file a dischargeability complaint. *In re Farhid,* 171 B.R. 94, 97 (N.D.Cal.1994); *James,* at 396; *Leary,* at 341; *In re Dekelata,* 149 B.R. 115, 116 (Bankr.E.D.Mich.1993). The need for an extension of time is even less defensible in this case. Prior to the bankruptcy filing, Eckard's filed a fraudulent conveyance proceeding in the Circuit Court of Buchanan County, Missouri. Assuming the filing of such proceeding is justified, Eckard's had available to it at all times since the bankruptcy filing sufficient information to form the basis of a dischargeability proceeding in debtor's bankruptcy case. I find that Eckard's demonstrated a lack of diligence in pursuing any cause of action against debtor. Therefore, I find no cause to extend the deadline for filing a complaint objecting to debtor's discharge or to the dischargeability of Eckard's debt. As such, Eckard's motion for an extension of time is DENIED.

IT IS SO ORDERED.