**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re: KIRK PATTERSON BROWN,
HELEN TOMICICH BROWN,

Debtors.

_____

CHRISTINE PACHECO-
KOVELESKI, Chapter 7 Trustee,

Plaintiff-Appellee,

v.

KIRK PATTERSON BROWN,
HELEN TOMICICH BROWN,

Defendants-Appellants.

No. 99-1019
(D.C. No. 97-B-2671)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Debtors Kirk and Helen Brown appeal the district court's affirmance of the bankruptcy court's orders (1) granting the trustee an extension of time in which to file a complaint objecting to debtors' discharge, and (2) denying debtors a discharge pursuant to 11 U.S.C. §§ 727(a)(2) & (4).  We exercise jurisdiction pursuant to 28 U.S.C. § 158, and affirm.

Debtors filed bankruptcy under Chapter 7 of Title 11 of the United States Code on December 9, 1996.   At that time, Mr. Brown was a practicing attorney whose office maintained a Colorado Lawyer Trust Account Foundation (COLTAF) account.  The first creditors' meeting was set for January 8, 1997, thus the trustee had until March 10, 1997, to object to debtors' discharge.         See Fed. R. Bank. P. 4004(a).  The bankruptcy court approved counsel for the trustee on February 7, 1997.

A group of five unsecured creditors had previously scheduled a Rule 2004 creditors' examination for February 12, 1997.  Because the trustee's counsel had just been appointed, the trustee did not attend and participate in the examination. The examination was not completed on that date, however, and a continuation was

scheduled for March 19, 1997, nine days after the deadline for objecting to the debtors' discharge. On March 7, 1997, after reviewing a copy of the examination transcript and certain documents received on March 6, 1997, the trustee moved for an extension of the deadline for objecting to debtors' discharge. The group of five creditors joined in the trustee's motion. A hearing was held on April 21, 1997, at which the requested ninety-day extension was granted.

The creditors' examination continued on March 19, 1997, but was not completed. On March 27, 1997, the trustee obtained an order for a Rule 2004 examination to be held on May 14, 1997. On June 6, 1997, the trustee filed her complaint objecting to the debtors' discharge based on debtors' use and subsequent concealment of the COLTAF account. After a trial, the bankruptcy court denied debtors' discharge on December 8, 1997. The district court affirmed, and this appeal followed.

Debtors argue first that the district court erred in finding the bankruptcy court did not abuse its discretion by granting the extension. [1] "We review the district and bankruptcy courts' legal determinations de novo, and the bankruptcy

---

[1]    Debtors also argue for the first time that they were not provided notice of the hearing on the motion to extend. We do not consider bankruptcy issues that were not raised in an appeal to the district court, however.    See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). Even if we were to consider this issue, debtors would lose, because it is apparent that they had actual notice of the hearing and were represented by counsel at that proceeding.

court's factual findings for clear error." IRS v. Craddock (In re Craddock), 149 F.3d 1249, 1255 (10th Cir. 1998). The bankruptcy court's order granting an extension of time is reviewed for an abuse of discretion. See Pioneer Inv. Servs., Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 398 (1993) (reviewing extension of bar date under Fed. R. Bank. P. 9006(b)(1) for abuse of discretion).

We conclude the bankruptcy court did not abuse its discretion. Debtors have attempted to prevent inquiry into their use of the COLTAF account from the beginning, by failing to disclose the account or their use of it on any of their schedules, by seeking a protective order, by claiming the information was privileged, and by delaying production of much of the requested documentation until after the March 10, 1997 deadline for objecting to their discharge. Debtors were responsible also for the delay in continuing the creditor's Rule 2004 examination beyond the scheduled deadline based on their attorney's congested calendar. It is clear that denying the motion to extend the deadline would have precluded a full and complete examination of debtors and would have permitted them to thwart the purpose of the examination procedure. See In re Solomon, 506 F.2d 463, 465 (7th Cir. 1974) (approving extension when retaining original deadline would have precluded proper examination of debtors); Northeastern Real Estate Secs. Corp. v. Goldstein, 91 F.2d 942, 943-44 (2d Cir. 1937) (describing considerations for extending deadline to file discharge objections as "whether the

creditor has had enough time to bring the examination to a conclusion; whether anything has yet been unearthed which should be followed up; whether the bankrupt has proved recalcitrant or appears to be trying either to rush, or to obstruct, the proceeding");   In re Schultz , 134 B.R. 604, 606 (Bankr. E.D. Mich. 1991) (extending deadline for filing discharge complaint when inability to examine debtor before deadline was due, in part, to delay by debtor's attorney);      In re Halliwell , 130 B.R. 508, 509 (Bankr. S.D. Ohio 1991) (extending deadline when debtor failed to disclose completely all available information relating to dischargeability issues).

We conclude also that the bankruptcy court did not err in denying debtors a discharge.  We agree with the district court that debtors failed to challenge adequately the bankruptcy court's denial of a discharge under § 727(a)(4), and note that the decision could be affirmed on this ground alone.  Nonetheless, after carefully reviewing the record, we conclude there is sufficient evidence to support the bankruptcy court's denial of a discharge under either § 727(a)(2) (acting with intent to hinder, delay, or defraud creditors) or § 727(a)(4) (knowingly and fraudulently making a false oath).  The evidence, including an admission by Mr. Brown, fully supports the finding that debtors acted with the intent to hinder or delay the IRS' collection of taxes that were due and owing when debtors took their actions.   The evidence also fully supports the finding that debtors

-5-

knowingly and fraudulently failed to disclose the existence of the COLTAF

account or their extensive use of that account during the previous year. The

bankruptcy court did not err, therefore, in denying a discharge to debtors. [2]

The judgment of the district court is AFFIRMED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[2]    Debtors also argue that the court erred in denying them a discharge because, in retrospect, they did not actually owe a debt to the IRS. As this argument was not raised to the district court, it will not be considered on appeal. See In re Walker , 959 F.2d at 896. We note, however, that a debt was due and owing to the IRS at the time debtors were funneling their income and expenses through the client trust account, even if the debt was adjusted later by filing an amended 1994 tax return.