**In re Julie LEWIS, Debtor.**

**HUNTINGTON NATIONAL BANK, Plaintiff,**

v.

**Julie LEWIS, Defendant.**

**Bankruptcy No. 96–15011.**
**Adversary No. 97–1019.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

March 4, 1997.

John L. Day, Jr., Weltman, Weinberg & Reis, Co., LPA, Cincinnati, OH, for plaintiff.

Jay T. Bosken, O'Connor, Acciani & Levy, Cincinnati, OH, for defendant.

## OPINION AND ORDER DENYING MOTION FOR EXTENSION AND DISMISSING COMPLAINT

JEFFERY P. HOPKINS, Bankruptcy Judge.

This matter is before the Court on Huntington National Bank's ("Huntington") motion for an extension of time to file a nondischargeability complaint (Doc. 12). The Debtor filed a response objecting to the granting of any additional time for the complaint to be filed (Doc. 13).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the General Order of Reference entered in this district. This is a core proceeding which the Court is empowered to hear and determine in accordance with 28 U.S.C. § 157(b)(2)(I), (J). The following opinion and order shall constitute the Court's findings of fact and conclusions of law, pursuant to Rule 7052.

## I. Findings of Fact

1. The Debtor, Julie Lewis, filed her Chapter 7 petition on September 30, 1996.

2. On October 7, 1996, the notice of meeting of creditors was filed and mailed to all creditors listed in the Debtor's schedules. In that same notice, creditors were also advised that January 7, 1997, was the deadline for filing complaints objecting to the discharge of certain debts, pursuant to 11 U.S.C. § 523(a)(2), (4), (6) or (15).

3. On December 30, 1996, Huntington filed a motion for extension of time in which to file a reaffirmation agreement, an objection to discharge or, a complaint to determine dischargeability. As grounds for its motion, Huntington states: "The Debtor and creditor are currently engaged in negotiations, and need more time to conclude their discussions and prepare the necessary documentation."

4. On January 13, 1997, the Debtor filed a response to the motion contending that she had "received no offer from Huntington National Bank regarding her debt owing to said bank," and objecting to any extension of time for the creditor to file a complaint against her.

5. On January 28, 1997, prior to the Court granting any extension of time and after the deadline for filing Complaint set by the Court's prior notice, Huntington filed a Complaint to Determine Dischargeability and for Money, under Adversary Case No. 97–1019.

6. The Complaint does not articulate which subsection of § 523(a) forms the basis for relief. However, one would conclude based upon a fair reading of the Complaint that § 523(a)(2) and (4) are the relevant subsections applicable in this case. The Complaint asserts that the Debtor made purchases and took cash advances on her credit card account with Huntington at a time when she knew or should have known that she was insolvent. It also alleges that the Debtor made false representations that she was financially able to repay the obligation and that Huntington reasonably relied on those representations.

7. On January 17, 1997, the Court sent notices setting a hearing on the creditor's motion seeking an extension and the Debtor's response. The motion for extension of time came on for hearing on Monday, February 3, 1997. The Huntington National Bank did not appear at the hearing, the Debtor's attorney was present for the hearing.

8. The 341 meeting was held on November 8, 1996. At the hearing on the motion before the Court, the Debtor's attorney asserted that the only discussions about the credit card debt with Huntington's attorney occurred at the 341 meeting. Further, according to Debtor's counsel, the attorney for Huntington made no other contact with him after the 341 meeting.

9. There does not appear to have been any effort on Huntington's part to seek an order from this Court compelling the Debtor to submit to a Rule 2004 examination to find support for the allegations in its Complaint. No such motion was ever filed by Huntington in this case. Thus, it cannot be alleged that the Debtor employed dilatory tactics to prevent Huntington from being able to prepare its case and file a complaint by the January 7, 1997 deadline.

## II. Conclusions of Law

The Complaint filed by Huntington on January 28, 1997, and for which Huntington has asked for an extension of time to file, is an objection to the dischargeability of a debt under 11 U.S.C. § 523(a)(2) and (4). Section 523(c) provides that a debtor is dis-

charged from debts of a kind specified in § 523(a)(2) or (4) "unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge." Rule 4007(e) further specifies that a proceeding to determine dischargeability of a debt shall be governed by the adversary proceeding rules.

The time fixed for filing an adversary complaint to avoid having a debt discharged pursuant to § 523(a)(2) and (4) is prescribed by Rule 4007(c) which requires that:

> A complaint to determine dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. *On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.* (Emphasis added).

■ The Rule provides that the motion seeking the extension must be filed within the original time period allowed for dischargeability complaints. More importantly, Rule 4007(c) clearly states that the deadline for filing a nondischargeability complaint may be extended, but only for cause. However, the Rule does not specify what constitutes cause.

In its motion, Huntington states that, "the Debtor and creditor are currently engaged in negotiations, and need more time to conclude their discussions and prepare the necessary documentation." Contrary to Rule 5.4 of the Local Rules, no memorandum of law in support of the motion was provided. Presumably, the memorandum would have stated with particularity the reasons compelling the Huntington's request for an enlargement of time to file its nondischargeability complaint past the January 7 deadline.

Bankruptcy courts around the country have carefully scrutinized motions by creditors for enlargements of time to file adversary complaints objecting to discharge in Chapter 7 cases. According to one authority, courts rarely exercise discretion in favor of such requests under the cause requirement of Rule 4007(c):

> Case law citing Rule 4007(c) indicates that the cause for an extension must be compelling and a creditor must show why it was not able to comply with the deadline originally set. It has also been held that, because Federal Rule of Bankruptcy Procedure 9006 is not applicable to requests for extending the deadline of Rule 4007(c), a showing of "excusable neglect" is not a sufficient basis for granting an extension of time. 9 Lawrence P. King, Collier on Bankruptcy ¶ 4007.04[3][b] (15th ed.1996).

Here, Huntington filed a motion seeking an extension of time to file the nondischargeability complaint well within the deadline ordered by the Court. However, Huntington has not provided a sufficient explanation why it needed the additional time in which to file its nondischargeability complaint.

Huntington's attorney did not appear at the hearing on the motion for an extension, even though notice was mailed to him more than two weeks in advance by the Clerk's Office. Perhaps, had counsel been present he could have explained the apparent discrepancy in the parties' positions regarding the status of the negotiations which were to have occurred in this case.

Nevertheless, Debtor's counsel indicated at the hearing that he had not spoken with Huntington's attorney in connection with any reaffirmation of the credit card debt. Nor does there appear to be any reason such as delay or non-cooperation by the Debtor which would justify Huntington's request for more time to file a complaint objecting to discharge. *See, In re Littell,* 58 B.R. 937, 938 (Bankr.S.D.Tex.1986) ("Had movants used due diligence, they could have obtained the necessary information for timely preparation of a complaint.").

The Court finds that the movant had more than enough time to file its nondischargeability complaint in this case. All creditors were given well over the minimum 30 days notice, because the notice of deadline for nondischargeability complaints was included in the notice of the meeting of creditors, which was

sent October 7, 1996, more than 20 days before the meeting of creditors. See, Rule 2002(a)(1). Furthermore, nearly two months passed between the 341 meeting on November 8, 1996, and the January 7, 1997, filing deadline. Consequently, like in most Chapter 7 cases filed in this Court, the creditors here actually received at least 80 days notice of the deadline for filing dischargeability complaints. Under these circumstances, the Court is unable to conclude that cause exists for granting Huntington's motion for an extension of time.

Based on the foregoing, Huntington National Bank's Motion for Extension of Time is hereby **DENIED.** Further, the Complaint filed by Huntington's counsel without leave of Court in Adversary Case No. 97–1019, is **DISMISSED.**

**IT IS SO ORDERED.**