**In re Gary VINSON, Susan L. Vinson, Debtors.**

**No. 12–58089.**

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Signed March 12, 2013.

Entered March 13, 2013.

Daniel J. Hunter, Allen Kuehnle Stovall & Neuman LLP, Columbus, OH, for Debtors.

Susan L. Rhiel, Columbus, OH, Trustee.

*ORDER ON MOTION TO EXTEND DEADLINE FOR FILING COMPLAINTS PURSUANT TO SECTIONS 727 AND 523 OF THE BANKRUPTCY CODE*

C. KATHRYN PRESTON, Bankruptcy Judge.

This matter came on for hearing before the Court on February 5, 2013, upon the Motion to extend the deadline for filing a complaint to object to discharge or to determine dischargeability of debt (Doc. # 42) filed by CFBank on December 21, 2012, as supplemented on February 4, 2013 (Doc. # 58) (hereinafter, the "Mo-

tion").[1]  Debtors Gary Vinson and Susan L Vinson filed an objection to the Motion (Doc. # 51) and another objection to the Supplement (Doc # 59). Present at the hearing were Daniel J. Hunter, representing Debtors, and Kevin Shook representing CFBank.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a), and General Order No. 05–07, entered by the District Court for the Southern District of Ohio, referring all bankruptcy matters to this Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), (J) and (0).

December 26, 2012 was the deadline set in this case for filing a complaint objecting to Debtors' discharge under § 727[2] of the Bankruptcy Code, or a complaint for a determination of dischargeability of debt under § 523 of the Bankruptcy Code. According to the case docket, notice thereof was sent to all creditors, including CFBank and its counsel, on September 21, 2012, and again on September 23, 2012. CFBank timely filed the Motion, which requests an extension of the deadline until February 22, 2013. CFBank contends that it requires the additional time to gather information and analyze whether a complaint is warranted. Without any elaboration, in the Motion CFBank asserts simply that Debtors' testimony at the § 341 Meeting of Creditors raised questions whether Debtors properly scheduled their assets, and thus engendered concerns about their entitlement to a discharge. CFBank points out that Debtors have consented to an extension of the deadlines for another creditor in this case, Fahey Bank. At the hearing CFBank added that additional cause exists to extend the deadline, in that Fahey Bank was obtaining documents from Debtors for review, that a Rule 2004 examination of Debtors would be scheduled, and that its claim against Debtor exceeds $1,500,000.

Debtors retort that the Bankruptcy Rules require a showing of cause in order to warrant an extension of the deadline, and that CFBank has failed to illustrate sufficient cause to justify an extension of the deadline for its benefit. In fact, according to Debtors, CFBank has done nothing to further its interests since the commencement of the case other than attend the § 341 Meeting and filing the Motion: CFBank did not ask questions at the § 341 meeting of creditors, has not asked for information from Debtors, has not propounded discovery, and has not contacted Debtors or their counsel aside from requesting an extension of the deadline. This is in stark contrast to the conduct of Fahey Bank, which engaged in inquiry at the meeting of creditors, immediately thereafter posed additional questions, has requested documents and additional information from Debtors, and has requested a Rule 2004 Examination of Debtors.

Bankruptcy Rule 4004(a) provides, in pertinent part, that a complaint objecting to a debtor's discharge "shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr.P. 4004(a). Rule 4004(b)(1) allows that deadline to be postponed upon a timely filed motion of any party in interest, stating that "the court may for cause extend the time to object to discharge." Fed. R. Bankr.P. 4004(b)(1) (emphasis supplied). Similarly,

---

1. The Motion sought an extension of the deadline until February 1, 2013. The supplement amended the Motion only in that it requested that the deadline be extended to February 22, 2013.

2. All statutory citations, unless otherwise indicated, are citations to provisions of the Bankruptcy Code, Title 11 of the United States Code.

Rule 4007(c) provides that "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr.P. 4007(c). Again, upon a timely filed motion by a party in interest, the court "may *for cause* extend the time fixed. . . ." Fed. R. Bankr.P. 4007(c) (emphasis supplied). Neither the Bankruptcy Code nor the Bankruptcy Rules define "cause."

CFBank relies heavily (and solely) on the Ninth Circuit case of *Moreno v. Newton (In re Newton)*, No. 93–16788, 1995 WL 251136, 1995 U.S.App. LEXIS 9855 (9th Cir. April 28, 1995). In Newton, the bankruptcy court denied a creditor's motion to extend the deadline to file such complaints, and on appeal, the district court affirmed. In analyzing the question of what constitutes cause for an extension pursuant to Bankruptcy Rule 4007, the Ninth Circuit Court of Appeals adopted the factors articulated by an Oklahoma Bankruptcy Court: " '(1) whether granting the delay will prejudice the debtor and (2) the length of the delay and its impact on efficient court administration.' " *Id.* at *2, 1995 U.S.App. LEXIS 9855 at *5 (quoting *In re Sturgis*, 46 B.R. 360, 365 (Bankr. W.D.Okla.1985)). The *Newton* court found that the creditor had met the criteria in that there were already two adversary proceedings pending at the time the creditor's motion was filed (although it is unclear whether the complaints were brought under § 523 or § 727, or some other provision of the Bankruptcy Code), the debtor had stipulated to an extension of the deadline for three other creditors to file complaints objecting to discharge, the debtor's bankruptcy proceeding was complex, and the § 341 meeting of creditors had been continued twice, finally to a date that fell after the initial deadline. The court did not discuss the length of delay and its

impact on court administration, but found that there was no prejudice to anyone since extensions had been granted other creditors.

Courts in this circuit have thus far adopted a narrower view of cause. Judge Hopkins of this Court has previously stated that Rule 4007(c) requires that the cause for an extension "must be compelling and a creditor must show why it was not able to comply with the deadline originally set." *Huntington Nat'l Bank v. Lewis (In re Lewis)*, 224 B.R. 619 (Bankr. S.D.Ohio 1997) (Hopkins, J.) (citing 9 Lawrence P. King, *Collier on Bankruptcy* ¶ 4007.04[3][b] (15th ed. 1996)). In *Lewis*, Huntington National Bank ("Huntington") filed a motion to extend the deadline for a dischargeability complaint, alleging that the parties were in negotiations, and needed additional time to conclude their discussions. The debtor objected, on the basis that Huntington did not demonstrate cause for the extension of the deadline: Although Huntington had attended the § 341 meeting of creditors, it had not been in contact with the debtor or debtor's counsel about its claims, had not sought a Rule 2004 examination, and did not attend the hearing on its motion. The court noted that had Huntington's counsel attended the hearing, perhaps he could have clarified the discrepancy regarding communications between the parties, but in the absence of his input, the court found that Huntington failed to state a compelling reason for the extension of time or explain why it was unable to meet the deadline.

In a very different but illustrative case, the Northern District of Ohio Bankruptcy Court denied a motion to extend the deadline in *In re Hake*, No. 04–41352, Order Granting in Part and Denying in Part Motion for Extension of Time to File Complaint to Object to Discharge (Bankr. N.D.Ohio August 11, 2006). In that case,

a creditor sought an extension of the complaint deadline on the basis that it needed additional information and investigation into the debtor's conduct, including Rule 2004 examinations. However, the debtors' case had been pending for over two years (initially as a chapter 11 case), the creditor had been very active in the case, and the creditor had taken numerous Rule 2004 examinations and depositions over the course of the case. Thus, the court noted, the creditor had had plenty of time to take such other depositions or Rule 2004 examinations it needed, and had had plenty of time to figure out whether it had a dischargeability case or an objection to discharge. Since the creditor's motion said nothing more than expressing a desire to take another Rule 2004 examination, the Court found that the motion failed to state with specificity the reasons that an extension of the deadline was necessary.

The court in *In re Nowinski*, 291 B.R. 302 (Bankr.S.D.N.Y.2003) renders additional guidance. In *Nowinski*, Wells Fargo Bank ("Wells Fargo") sought an extension of the deadline, asserting that in light of the complexity of the debtor's financial affairs and the debtor's prepetition failure to cooperate, it needed time to complete discovery and prepare a complaint. Although it had knowledge of the bankruptcy case, Wells Fargo failed to attend the meeting of creditors, and failed to make any effort to obtain information about the debtor or his financial affairs via discovery, a Rule 2004 examination or contact with others having information about the debtor's affairs.[3] The court articulated factors for consideration in connection with a request to extend the deadline:

The factors that inform the court's discretion include (1) whether the creditor had sufficient notice of the deadline and the information to file an objection, ... (2) the complexity of the case.... (3) whether the creditor exercised diligence, ... (4) whether the debtor refused in bad faith to cooperate with the creditor, ... and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.

*Nowinski*, 291 B.R. at 305–306 (internal citations omitted). To leave no doubt, the court succinctly stated: "Knowledge of the deadline coupled with the failure to diligently seek discovery is, absent unusual circumstances, fatal to an extension motion." *Id.* at 306.

■ CFBank attempts to distinguish each of these cases, pointing out that there had not been an extension of the deadline granted to any other creditor when the moving party sought its extension. In the instant case, an extension of the deadline has already been granted to Fahey Bank by Debtors. This, according to CFBank, diffuses the impact of any other extensions, and, redirecting the focus to *Newton* discussed above, renders an extension nonprejudicial to Debtor. CFBank couples this conclusion with the comment that, if Debtors are not hiding something, then they have nothing to worry about. This last deduction is completely off the mark and throws the cart before the horse. The burden is on CFBank as the moving party to demonstrate cause for its Motion, not on Debtors to show that there are no grounds for an objection or exception to discharge after the Motion has been granted.

■ Even if CFBank's attempt to distinguish the cases above was well taken, CFBank's conclusion about prejudice to

3. A receiver had been appointed by the state court prior to the debtor filing a petition for bankruptcy relief The receiver was in possession of records and was knowledgeable about the debtor's affairs.

Debtors is in error. The discharge is the most important element of a debtor's fresh start. *Nowinski*, 291 B.R. at 305. The debtor has an interest in prompt resolution of discharge issues. To grant CFBank an extension of time interposes more delay on and greater jeopardy to Debtors' discharge. It is well established that challenges to the debtor's discharge are narrowly construed. It logically follows that extensions of the deadline to challenge a debtor's discharge should be rarely granted and that cause for such a request should be narrowly construed as well. *Id.*

■ Turning to the standards espoused by courts in this circuit, it is clear that CFBank has not illustrated cause warranting an extension of the deadline. The *Lewis* court required that the reasons stated must be compelling, and the creditor must show why it was unable to meet the deadline. In this case, the *Lewis* criteria dovetail with the only *Nowinski* factors at issue: whether the creditor had sufficient information to file an objection and whether the creditor exercised diligence. Here, CFBank can only say that Debtors' testimony at the § 341 meeting raises serious questions pertaining to their entitlement to a discharge, and that it couldn't file a complaint timely because it lacked sufficient information to warrant filing such a complaint under its Rule 9011 obligations.[4] But CFBank did nothing to further investigate these "serious questions" or obtain sufficient information to test its theories in the 52 days between the § 341 meeting and the day it filed the Motion, or even in the 91 days between the date of service of the notice of the deadlines issued by the Court and the date that the Motion was filed. CFBank takes issue with this conclusion, insisting that it was engaging in activity, that being monitoring the case, opening discussions with Debtors' counsel, and talking with Fahey Bank about potential causes of action. But these minimal efforts are not sufficient. Monitoring the case is no more than any other interested creditor might do. CFBank doesn't explain how this activity bears on its responsibility to pursue its rights diligently. CFBank did not initiate discussions with Debtors' counsel until the day that it filed the Motion, and then only to inquire whether Debtors would consent to an extension of the deadline. Nor do discussions with Fahey Bank about Fahey's actions or anticipated activities fulfill CFBank's responsibility to pursue its rights diligently. CFBank suggests that it was trying to obtain copies of documents gathered by Fahey, but this provides no solace to CFBank since, as it should have known, Fahey would be unable to share many documents, such as Debtors' personal financial records or its transactional documents, without Debtors' consents.[5]

CFBank repeatedly insisted during the hearing that it would be unfair to deny CFBank's Motion when Fahey Bank has obtained an extension. However, treatment of one creditor does not dictate the treatment appropriate for another. As aptly pointed out by Debtors, to extend the deadlines for one creditor just because a debtor agreed to an extension for another would emasculate the requirement of cause in Rules 4004 and 4007. Further, it

---

**4.** Bankruptcy Rule 9011 provides, in short, that an attorney filing a pleading or other paper is certifying that "to the best of [his] knowledge, information and belief, formed after an inquiry reasonable under the circumstances," that the document is not being filed for any improper purpose, that there is legal support for the claims therein, and that there is or is likely to be evidentiary support for the factual allegations. Fed. R. Bankr.P. 9011.

**5.** I fact, when CFBank's counsel approached Fahey's counsel about same, Fahey's counsel referred him to Debtors' counsel.

would chill a debtor's willingness to work in a cooperative fashion with creditors who diligently act to pursue their rights, because that debtor could then be penalized by other creditors jumping on the bandwagon even though they did not act diligently.

Additionally, the Court is of the opinion that it would be unfair to grant CFBank's Motion when it has not engaged in appropriate activities to pursue its rights and protect its interests. Yes, Fahey Bank has obtained an extension of the deadline, but it was aggressive in protecting its rights. The § 341 meeting was in October; in November, Fahey initiated contact with Debtors' counsel to request documents and schedule a Rule 2004 examination. Debtor agreed to an extension of the deadline to allow the parties more opportunity to exchange information, review documents and schedule the examination at a mutually convenient time. It is safe to assume that had Debtors declined to agree to an extension for Fahey Bank, they would have been justifiably subjected to demands for immediate production of documents and a quickly scheduled examination, so that Fahey could file a complaint by the deadline. This is not a case in which the deadline was unknown to CFBank, or where error of the court has caused an untimely filing,[6] or where the debtor has been recalcitrant in providing properly requested discovery,[7] or where the debtor has engaged in other bad faith. In such instances, an extension may be appropriate. In this case, however, CFBank has not made any such allegations.

Finally, CFBank argues that it has not acted more aggressively because it was trying to be efficient and avoid incurring additional legal fees by engaging in the same activities as Fahey Bank. This is curious coming from a creditor who argues that there is cause in that it is owed over $1,500,000, much more than Fahey Bank. It is well established that a creditor is responsible for diligently pursuing and protecting its interests, and may not sit on its rights. *See e.g., Longo v. McLaren (In re McLaren)*, 136 B.R. 705, 718 (Bankr. N.D.Ohio 1992); *Byrd v. Alton (In re Alton)*, 837 F.2d 457 (11th Cir.1988). In this instance, CFBank has sat on its rights. Despite its knowledge of the deadline, it failed to engage in any actions in furtherance of its interests, and such failure is fatal to the Motion.

In accordance with the foregoing, the Motion of CFBank to extend the deadlines for filing a complaint under § 523 or § 727 is DENIED.

IT IS SO ORDERED.

---

6. *See, e.g., Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629 (6th Cir.1994).

7. *See, e.g., Nardei v. Maughan (In re Maughan)*, 340 F.3d 337 (6th Cir.2003).