*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8024-1(b). See also 6th Cir. BAP LBR 8014-1(c).*

File Name: 17b0002n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: RICK ST. GEORGE,

*Debtor*.

_____

DANIEL M. MCDERMOTT, United States Trustee,

*Plaintiff-Appellee*,

*v*.

RICK ST. GEORGE,

*Defendant-Appellant*.

Nos. 16-8017/8018

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Cleveland.
No. 14-16075; Adv. No. 15-01063—Arthur I. Harris, Judge.

Decided and Filed: April 17, 2017

Before: DELK, HARRISON, AND PRESTON, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ON BRIEF:** Lee R. Kravitz, Cleveland, Ohio, for Appellant. Amy L. Good, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

### OPINION

_____

MARIAN F. HARRISON, Bankruptcy Appellate Panel Judge. Rick St. George ("debtor") filed this appeal from the bankruptcy court's order granting additional time for the United States Trustee ("UST") to file a complaint objecting to discharge of the debtor, and from

the bankruptcy court's judgment on the UST's complaint, denying the debtor a discharge under 11 U.S.C. § 727(a)(3) and (a)(5).

**STATEMENT OF ISSUE**

Whether the bankruptcy court erred in granting the UST's second request for additional time to file a complaint objecting to discharge, and if this was error, whether the bankruptcy court's judgment denying discharge should be reversed.

**JURISDICTION AND STANDARD OF REVIEW**

The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations and internal quotations omitted). A judgment determining dischargeability is a final order. *Trudel v. U.S. Dep't of Educ.* (*In re Trudel*), 514 B.R. 219 (B.A.P. 6th Cir. 2014). In this case, the order granting additional time to file a dischargeability complaint was an interlocutory order that became final once the bankruptcy court entered the final order denying the debtor's discharge.

Equitable determinations, such as whether cause exists to extend the filing deadline for dischargeability complaints, are reviewed for abuse of discretion. *LPP Mortg., Ltd. v. Brinley*, 547 F.3d 643, 647 (6th Cir. 2008) (citation omitted). *See also In re Nowinski*, 291 B.R. 302, 305 (Bankr. S.D.N.Y. 2003) (citations omitted) (The determination of whether cause exists to extend the filing deadline set by Federal Rule of Bankruptcy Procedure 4004(b) rests within the bankruptcy court's discretion.).

"An abuse of discretion occurs only when the [bankruptcy] court 'relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.'" *Bank One, N.A. v. Bever* (*In re Bever*), 300 B.R. 262, 264 (B.A.P. 6th Cir. 2003) (quoting *Corzin v. Fordu* (*In re Fordu*), 209 B.R. 854, 857–58 (B.A.P. 6th Cir. 1997)).

> An abuse of discretion is defined as a "definite and firm conviction that the [court below] committed a clear error of judgment." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999); *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996)). The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion. *See Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982); *see also In re Carter*, 100 B.R. 123, 126 (1989).

*Mayor of Baltimore v. West Virginia* (*In re Eagle-Picher Indus. Inc.*), 285 F.3d 522, 529 (6th Cir. 2002) (quoting *Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 607-08 (6th Cir. 2000)).

**FACTS**

The debtor filed a Chapter 7 petition on September 23, 2014, and the meeting of creditors was held on October 30, 2014. The debtor was questioned for approximately two and a half hours. A significant portion of the questioning was done by the UST. The Chapter 7 trustee ("trustee") adjourned the initial meeting until November 13, 2014, so that documents could be produced, and again to December 11, 2014, for the same reason. On December 10, 2014, the UST filed a motion to extend the time to object to discharge. The debtor did not oppose the motion, and the UST was granted an extension until February 27, 2015. On December 15, 2014, the trustee filed notice that the meeting of creditors was concluded based on the debtor's production of documents.

On February 23, 2015, the UST filed a motion pursuant to Federal Rule of Bankruptcy Procedure 2004 to examine the debtor and to require the debtor to produce documents. That same date, the UST filed a second motion to extend the time for objecting to discharge, requesting an additional 75 days. As cause for the second motion, the UST asserted that the debtor had failed to provide many of the requested documents to the trustee. The UST also asserted that the additional information provided had raised further concerns. Accordingly, the UST stated that more time was needed to review all the information. The bankruptcy court granted the motion for the 2004 examination. The debtor objected to the second request for additional time and filed a motion to vacate the 2004 examination order. On March 24, 2015, the

bankruptcy court held a hearing on both.  No evidence was presented at the hearing.  In fact, no one from the UST's office appeared at the first call of the docket, and the bankruptcy court contacted the UST's office to request that someone attend the hearing.   When the UST's representative did appear, this was the only statement of cause given:

> [E]vidently, we have just now received the documentation that we requested, and additional documentation that we did request raised additional concerns in the U.S. Trustee's mind regarding the Debtor.

(Hearing Tr. 10:21-11:2, Bankr. Case ECF No. 66, March 24, 2015).

> In ruling, the bankruptcy court stated:

> I'm troubled by the apparent lack of communication and sort of waiting until the end of the first extension to simply file another extension for 60 days. On the other hand, I think the Trustee's office, U.S. Trustee's office should be given a brief period of time from the denial of their request for – until May 13th. That time I'm not going to allow, but I'll do a short order today, probably go on the docket today, and we're at March 24th.  I would say April 3rd, which is – I think that's 10 days.  In any event, whatever number of days it is, April 3rd is a Friday, and I'll give the U.S. Trustee until April 3rd to file a discharge action – an objection to the Debtor's discharge, adversary, or a 707 Motion.

> I do note that this is not a typical Chapter 7 case.  The fees, it looks like a $5,000 initial fee by Debtor's counsel is unusually large, and I think it's reflective of the fact that this is not a typical case.

(Hearing Tr. 17:6-18:7, Bankr. Case ECF No. 66, March 24, 2015).

After the ruling and while still on the record at the hearing, the trustee asked the bankruptcy court to reconsider and allow the UST more time to file a complaint, stating that "this is not a usual case."  (Hearing Tr. 21:1-5, Bankr. Case ECF No. 66, March 24, 2015).  The trustee acknowledged that the initial 341 examination was fairly lengthy, but he asserted that there was never a meaningful opportunity to question the debtor about the considerable amount of documents that were provided.  The trustee gave the impression that questions were raised by matching the bank statements with a check register.  The bank statements had been provided earlier and made available to the UST.  The check register was provided to the trustee when he met with the debtor at his home in November 2014.  Originally, the trustee stated that everything he received from the debtor prior to the conclusion of the meeting of creditors was shared with

the UST. Later, the trustee clarified that he had not shared this check register. The trustee stated that "[p]erhaps, I should have copied [the check register] and sent it to the U.S. Trustee's office. I was anticipating the U.S. Trustee would enumerate everything that they still needed." (Hearing Tr. 22:22-23:2, Bankr. Case ECF No. 66, March 24, 2015). The trustee admitted that he and the UST should have pushed things forward but they "were all somewhat distracted with, you know, other obligations." (Hearing Tr. 24:3-5, Bankr. Case ECF No. 66, March 24, 2015).

The bankruptcy court went on to state:

> But what I see here is that this one has gone on not just for the first 60 day extension, but now a request for a second 60 day extension. And for whatever reason, there didn't seem to be much going on during the first 60 day extension to justify the second one, which is why I'm only giving enough time basically to say, okay, your Motion for 60 days is denied, but I'll give you 10 days to get a Complaint or a 707 Motion together.

(Hearing Tr. 31:3-15, Bankr. Case ECF No. 66, March 24, 2015).

Despite further argument from the trustee and the debtor, the bankruptcy court confirmed his decision to give the UST until April 3, 2015, to object to discharge, entering the order later that day. The bankruptcy court took the motion to vacate the order granting a 2004 examination under advisement but granted it later that same day. On April 2, 2015, the UST filed a dischargeability complaint against the debtor. On March 9, 2016, an evidentiary hearing on the UST's complaint was held, after which the bankruptcy court denied the debtor's discharge based on 11 U.S.C. § 727(a)(3) and (a)(5). Thereafter, the debtor filed a notice of appeal from the order granting the UST's second request for additional time to object to discharge and from the denial of the debtor's discharge.[1]

## DISCUSSION

For cases filed under Chapter 7, the deadline to file a complaint objecting to discharge is 60 days after the first date set for the creditors meeting. *See* Fed. R. Bankr. P. 4004(a). Under Federal Rule of Bankruptcy Procedure 4004(b), "[o]n motion of any party in interest, after notice

---

[1]Previously, on April 7, 2015, the debtor filed a notice of appeal from the order granting the UST's second extension of time to object to discharge. The appeal was dismissed after determining that an interlocutory appeal was not warranted because the issue involved a question of fact rather than law.

and a hearing, the court may for cause extend the time to object to discharge." Because discharge is the most important element of a debtor's "fresh start," a debtor has an interest in the prompt resolution of discharge issues. *In re Vinson*, 509 B.R. 128, 133 (Bankr. S.D. Ohio 2013) (citation omitted). Accordingly, "extensions of the deadline to challenge a debtor's discharge should be rarely granted and . . . cause for such a request should be narrowly construed. . . ." *Id.* "When seeking relief under Rule 4004(b)(1), it is the burden of the moving party to demonstrate that cause exists." *421 Chestnut Partners, LP v. Aloia* (*In re Aloia*), 496 B.R. 366, 380 (Bankr. E.D. Pa. 2013) (citation omitted).

> The following factors provide a framework for evaluating a request for an extension:
>
> (1) whether the creditor has received sufficient notice of the deadline and the information to file an objection; (2) the complexity of the case; (3) whether the creditor has exercised diligence; (4) whether the debtor has refused in bad faith to cooperate with the creditor; and (5) the possibility that proceedings pending in another forum will result in collateral estoppel of the relevant issues.

*In re Chatkhan*, 455 B.R. 365, 368 (Bankr. E.D.N.Y. 2011) (citations omitted). *See also In re Gandy*, Bankr. No. 11-30369, 2013 WL 3216130, at *2 (Bankr. E.D. Tenn. June 25, 2013) (recognizing *Chatkhan* factors as "analytical framework"). Moreover, "[k]nowledge of the deadline coupled with the failure to diligently seek discovery is, absent unusual circumstances, fatal to an extension motion." *In re Nowinski*, 291 B.R. at 306.

In applying these factors to the present case, the key factor is the UST's failure to exercise diligence. Even the bankruptcy court questioned the UST's inaction. The UST attended the meeting of creditors and questioned the debtor extensively. The meeting of creditors was adjourned based on the trustee's need for additional documentation to be provided. According to the minutes of the final meeting of creditors, the meeting was concluded on December 11, 2014, because the documents were provided. The UST's first motion for additional time was filed on December 10, 2014, presumably because the UST was also waiting on the production of these documents. The second motion for additional time was filed four days before the first extension deadline or 116 days after the initial meeting of creditors. It was at this time that the UST filed its 2004 examination motion as well. The UST provided no definitive explanation why no action occurred during the first extension of 60 days. The bankruptcy court noted that the UST did not

know why nothing happened during this time. Furthermore, the UST failed to explain why nothing was done during the 29 days between the second motion for additional time and the date of the hearing. A representative of the UST only appeared at the hearing upon the bankruptcy court's request, and the UST did not present any evidence to support the second request to extend the deadline, even though it was the UST's burden to defend against the debtor's objection and to show cause for the request. The record in this case demonstrates a total lack of diligence on the part of the UST. *See In re Mendelsohn*, 202 B.R. 831, 832 (Bankr. S.D.N.Y. 1996) (no cause where creditor failed to seek a 2004 examination and moved for an extension of time on last day to file objections to discharge); *In re Leary*, 185 B.R. 405, 406 (Bankr. D. Mass. 1995) (cause absent where creditor waited until ten (10) days prior to expiration of the deadline to pursue requested 2004 examinations); *In re Dekelata*, 149 B.R. 115, 117 (Bankr. E.D. Mich. 1993) (creditors waiting until 11 days before complaint deadline to request a 2004 examination failed to establish requisite cause to extend deadline); *Littell v. Littell* (*In re Littell*), 58 B.R. 937, 938 (Bankr. S.D. Tex. 1986) (motion to extend time to object to discharge denied where creditors failed to explain why they did not obtain information needed from debtor at first creditors' meeting or conduct a 2004 examination earlier, so they could have timely filed a complaint).

As to the other factors, to the first query, whether the UST received sufficient notice of the deadline and the information to file an objection, the answer is yes. On the second factor, the complexity of the case, the bankruptcy court's only finding was that the case must not be typical because of the significant retainer paid to the debtor's attorney. This alone is insufficient to support a finding that the case was complex. Moreover, there was no proof that the fourth factor, whether the debtor in bad faith failed to cooperate in providing information, was met. There was no testimony to show that the debtor acted in bad faith, and in fact, the trustee stated that he received most of the documents needed from the debtor. The UST did not present proof that the debtor failed to cooperate or what specific documents the debtor failed to provide upon request. The final factor, the possibility of other proceedings, would not be applicable to this case.

Looking at these factors, the UST failed to meet its burden to show cause for an additional extension. This Panel appreciates the position of the bankruptcy court, but without

some showing of cause, the UST was not entitled to a second, albeit brief, extension of time to file a complaint objecting to discharge. In doing so, the bankruptcy court abused its discretion. In turn, the judgment in favor of the UST on the complaint was in error regardless of the merits of the UST's case.

## CONCLUSION

For the reasons stated, the bankruptcy court's order granting additional time for the UST to file a complaint pursuant to 11 U.S.C. § 727(a) is REVERSED. The judgment in favor of the UST on the complaint objecting to discharge is REVERSED, and this case is REMANDED to the bankruptcy court with instructions to dismiss adversary proceeding #15-01063.